IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAS PLACITAS ASSOCIATION,

        Plaintiff,

v.                                                           CIV. No. 98-1358 JP/LCS

UNITED STATES BUREAU OF
LAND MANAGEMENT, and
WESTERN MOBILE NEW MEXICO, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On November 30, 1998, Plaintiff filed its Motion for Preliminary Injunction (Doc. No. 9). At a motion hearing that began on January 22, 1999 and concluded February 2, 1999, Daniel Dolan represented the Plaintiff, Andrew Smith represented Defendant Bureau of Land Management ("BLM"), and Stephen Hamilton represented Defendant Western Mobile.

At the hearing I denied Plaintiff's motion because Plaintiff failed to meet all four requirements for a preliminary injunction set forth by the Tenth Circuit in Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). Plaintiff did not prove irreparable injury because the evidence shows that under the current plan, there will be no mining beyond the approximately 43 acre area adjacent to the present mine site for at least two years. During that time, the case can be decided on the merits. Plaintiff did show that the relative harm to Plaintiff outweighs whatever damage the proposed injunction might cause to the opposing parties. Under the evidence presented, the issue of whether the injunction would be adverse to the public interest was a very close one.

Whether Plaintiff demonstrated a substantial likelihood of success on the merits is also a close question because the Plaintiff has the burden of proof and must meet the very high standard of showing that the decision of the Department of the Interior Board of Land Appeals in denying Plaintiff's application for a stay was arbitrary and capricious.

In addition, I granted both the BLM's Motion to Strike Exhibits to Plaintiff's November 25, 1998 Motion for Preliminary Injunction (Doc. No. 15) and Plaintiff's Motion to Strike Exhibit to Western Mobile NM Inc.'s Response in Opposition to Preliminary Injunction (Doc. No. 18).

At the hearing counsel for Defendant BLM stated that the existing administrative record could be prepared and filed with the court in about thirty days. The copy of the administrative record filed with the court should be highlighted by all the parties; each party should highlight those parts of the record which it wishes to call to my attention in a color different from that used by the other parties.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion for Preliminary Injunction (Doc. No. 9) is DENIED;

(2) BLM's Motion to Strike Exhibits to Plaintiff's November 25, 1998 Motion for Preliminary Injunction (Doc. No. 15) is GRANTED; and

(3) Plaintiff's Motion to Strike Exhibit to Western Mobile NM Inc.'s Response in Opposition to Preliminary Injunction (Doc. No. 18) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE