# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LAS PLACITAS ASSOCIATION,**

        **Plaintiff,**

**v.**                                          **CIV. No. 98-1358 JP/LCS**

**UNITED STATES BUREAU OF**
**LAND MANAGEMENT,**

        **Federal Defendant,**

**and**

**WESTERN MOBILE NEW MEXICO, INC.,**

        **Defendant-Intervenor.**

## MEMORANDUM OPINION AND ORDER

On March 1, 1999, the Federal Defendant filed its "Unopposed Motion for Relief from, and Clarification of, the Court's February 8, 1999 Order and Memorandum in Support" (Doc. No. 35). On March 8, 1999, counsel for the Federal Defendant informed me by letter that complete, unhighlighted copies of the administrative record in this case had been conditionally filed with the court.

The Federal Defendant proposes alternative methods for bringing the relevant portions of the administrative record to my attention. In order to maximize efficiency for the parties and for the court, each party should attach to its brief those pages of the administrative record that it cites in its brief or that otherwise support its argument with the pertinent language highlighted in a

color different from the colors used by other parties. The parties should adhere to the local rules governing page limits on briefs and exhibits and the highlighting of exhibits.

The Federal Defendant also seeks clarification of my February 8, 1999 Memorandum Opinion and Order regarding which federal decision is being reviewed in this lawsuit. Because neither the Federal Land Policy and Management Act nor the National Environmental Policy Act gives plaintiffs a private right of action, Plaintiff must bring its lawsuit under the Administrative Procedures Act ("APA"). State of Utah v. Babbitt, 137 F.3d 1193, 1203 (10th Cir. 1998). Plaintiff must meet the statutory standing requirements of the APA by showing that there has been some "final agency action" and by demonstrating that its "claims fall within the zone of interests protected by the statute forming the basis of [its] claims." Catron County Bd. of Comm'rs v. United States Fish & Wildlife Serv., 75 F.3d 1429, 1434 (10th Cir.1996).

Under the APA, "agency action includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13). It is my understanding that although the IBLA has denied Plaintiff's request for a stay, Plaintiff's appeal of the Federal Defendant's decision to issue a Finding of No Significant Impact is still pending before the IBLA. Thus, the only final agency decision available for this court to review at this time is the IBLA's decision denying the stay. This court should review the same administrative record that was before the IBLA at the time it made its decision to deny Plaintiff's request for a stay. See Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985).

IT IS THEREFORE ORDERED that the Federal Defendant's "Unopposed Motion for Relief from, and Clarification of, the Court's February 8, 1999 Order and Memorandum in Support" (Doc. No. 35) is GRANTED as explained above.

_____
**UNITED STATES DISTRICT JUDGE**